**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CECIL HOWARD A/K/A | : | |
| ALONZO WHITEHEAD | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 1:14-CV-78-WLS-TQL |
| VS. | : | |
| | : | |
| WARDEN ALAN CARTER, *et al.*, | : | |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## **ORDER**

Plaintiff Cecil Howard, a/k/a Alonzo Whitehead, who is currently incarcerated at the Autry State Prison in Pelham, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Doc. 2.)

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act (PLRA), "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has upheld the constitutionality of § 1915(g) in concluding that the provision does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998).

Plaintiff has filed complaints in District Courts throughout the United States, and at least three of those cases were dismissed under circumstances that constitute "strikes" for purposes of § 1915(g).  Specifically, Plaintiff Howard's strikes include, without limitation: ***Howard v. Hays State Prison, et al.***, 1:07-cv-1666-TCB (N.D. Ga. Dec. 14, 2007) (case dismissed as frivolous); ***Whitehead v. Glenn***, 1:05-cv-284-RLV (N.D. Ga. Mar. 9, 2005) (same); and ***Whitehead v. Barrett***, 1:99-cv-2707 (N.D. Ga. Dec. 8, 1999) (same).

As Plaintiff has at least three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Plaintiff must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception.  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

In the instant complaint, Plaintiff sues Autry State Prison Warden Alan Carter, Deputy Warden Jefferson, Deputy Warden Rigsby, Deputy Warden Nobles, Captain Hodges, Lieutenant Palmer, Sargent King, Officer Mattis, Office Toblern, State of Georgia, and Georgia Department of Corrections.  (Compl. 5.)  Specifically, Plaintiff alleges that while he was in isolation, he was provided the "diet food" plan, but had

asked "the doctor" for something in writing saying he didn't have to eat the diet food anymore. (Compl. 6.) Plaintiff then alleges he was required to eat the diet food even though he presented the doctor's order stating that the diet food plan had been discontinued. Plaintiff also alleges he is forced to stay in a cell with open exposure to insulation containing asbestos. (Compl. 7.) Plaintiff contends he has experienced negative health effects from the exposure. Plaintiff's complaint further details requests for mental health treatment. (Compl. 8.)

Even construing Plaintiff's complaint liberally in his favor, it is clear that these allegations do not satisfy the imminent danger exception. Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.[1]

Plaintiff has also filed motions which are currently pending. Specifically, Plaintiff has filed a Motion Requesting Injunctive Relief.[2] (Doc. 3.) Because the Court is dismissing Plaintiff's action, Plaintiff's motions for preliminary and permanent injunctions are **DENIED as MOOT**. Plaintiff has also filed a Motion Requesting Federal Custody wherein he seeks a transfer into federal custody. (Doc. 6.) Plaintiff

---

[1] As the Eleventh Circuit stated in *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

[2] In this Motion, Plaintiff also moves the Court to allow his case to proceed pursuant to the "imminent danger" exception to the "three strikes rule." However, as noted *supra*, Plaintiff's allegations do not satisfy the exception to the three strikes rule. As such, Plaintiff's motion is **DENIED.**

alleges that the Defendants "are determine[d] to inflict upon the Plaintiff years of harassment and threats with a constant denial of basic services" such as medical and religious services and recreation.  For the same reason, because Plaintiff's complaint is being dismissed, Plaintiff's motion is **DENIED as MOOT**.

**SO ORDERED**, this  9th  day of June, 2014.

/s/ W. Louis Sands
W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT